IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CSS ANTENNA, INC. | : | |
| | : | |
| v. | : | Civil Action No. CCB-09-0616 |
| | : | |
| AMPHENOL CORP. | : | |
| | : | |

…o0o…

**MEMORANDUM**

Now pending before the court are plaintiff's motion for leave to file an amended complaint and defendant's motion to dismiss for improper venue and lack of personal jurisdiction or, in the alternative, to transfer venue to the Eastern District of Michigan or dismiss under the doctrine of *forum non conveniens*. Plaintiff CSS Antenna, Inc. (hereinafter "CSS") alleges breach of contract, breach of express warranty and breach of implied warranty of fitness for a particular purpose against defendant Amphenol Corporation (hereinafter "Amphenol"). The issues in this case have been fully briefed and no hearing is necessary. For the reasons stated below, plaintiff's motion for leave to file an amended complaint will be granted and defendant's motion to dismiss will be denied without prejudice.

**BACKGROUND**

CSS is a Maryland company that designs and manufactures cellular and PCS antennas. Amphenol is a Delaware corporation that has its principal place of business in Wallingford, Connecticut. CSS alleges that in 2004, it purchased electronic cables from Amphenol for use at its outdoor cell tower sites – locations where antennas and electronic communications equipment are placed as part of a cellular network. CSS further alleges that beginning in 2006, many of its cell tower sites began to fail and it discovered that defective Amphenol cables caused the failures. According to CSS, the cables did not conform to the weather-resistance rating

1

advertised by Amphenol and were damaged by water infiltration.  As a result of the cables' defects, CSS claims it had to service over 177 cell tower sites and suffered damages in excess of $500,000.

In its motion to dismiss, Amphenol alleges that CSS sued the wrong party.  Amphenol suggests that, in fact, CSS purchased cables from its thrice-removed subsidiary, Amphenol-Tuchel Electronics GmbH (hereinafter "ATE").[1]  ATE is a German company, headquartered in Germany, with one U.S. location in Canton, Michigan.  In response to Amphenol's motion to dismiss, CSS filed a motion for leave to file an amended complaint that substitutes ATE as the defendant.[2]  CSS has also filed a separate complaint against ATE in this court.  *See CSS Antenna v. Amphenol-Tuchel Electronics, GmbH*, Civil Action No. 1:09-cv-02008.  It has not yet served ATE with the new complaint, however, and submits that it does not intend to do so unless its Rule 15 motion is denied.  (Pl.'s Rep. at 2.)  Amphenol argues that any amendment to the original complaint would be futile because the court has no personal jurisdiction over ATE.

## ANALYSIS

*1.    Motion for Leave to Amend*

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course "before being served with a responsive pleading."  But a "motion to dismiss is not a responsive pleading for the purposes of Rule 15(a)."  *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993); *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1475

---

[1] Rather than simply contact CSS to inform it of the mistake, Amphenol instead filed a lengthy motion to dismiss.  This was after the parties stipulated to extend Amphenol's time for answering the complaint by thirty days.

[2] CSS requested consent to an amendment from counsel who represents both Amphenol and ATE, but consent was denied.  (*See* Pl.'s Mot. for Leave to Amend at 1.)

(2d ed. 1990). Therefore, Amphenol has not yet filed a responsive pleading in this case. Consequently, CSS is permitted to amend its complaint and substitute ATE as the defendant without leave of court. Either in this case or the separate action, or both, the next step is for CSS to serve ATE with a complaint. Accordingly, plaintiff's motion for leave to amend its complaint will be granted.

2.   *Motion to Dismiss*

In its motion to dismiss, Amphenol argued largely on behalf of its subsidiary, ATE. CSS also responded to the motion as if ATE were the moving party. But the motion was not, in fact, filed by ATE, and its consideration would be premature given that CSS has not yet amended its complaint or served ATE. The court, therefore, will deny defendant's motion to dismiss without prejudice. If and when CSS serves ATE with a complaint, then ATE may file a motion to dismiss, if warranted, to be considered by the court.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for leave to file an amended complaint will be granted and defendant's motion to dismiss will be denied without prejudice. A separate Order follows.

|  |  |
|---|---|
| October 23, 2009 | /s/ |
| Date | Catherine C. Blake |
|  | United States District Judge |